## JOHN HANCOCK MUT. LIFE INS. CO. v. BROWN et al.

### No. 5894.

District Court, E. D. Michigan, S. D.
Oct. 9, 1947.

---

Daniel J. Tindall, Jr., Max L. Veech, and Dickinson, Wright, Davis, McKean & Cudlip, all of Detroit, Mich., for plaintiff.

George F. Curran, of Detroit, Mich., for defendant Elizabeth Brown.

Alexander, Cholette, Buchanan, Perkins & Conklin, of Detroit, Mich., for defendant Katie Hunter.

LEDERLE, District Judge.

### Findings of Fact.

1. This interpleader action was instituted by John Hancock Mutual Life Insurance Company, a Massachusetts corporation, against Elizabeth Brown, a citizen and resident of this Division of this District, and Katie Hunter, a citizen and resident of Tennessee, to determine which of the defendants was entitled to the proceeds of a $1500.00 policy of insurance issued upon the life of Ben Brown, who died in Detroit, Michigan, on March 16, 1946. Each defendant was claiming the proceeds. Plaintiff paid the face amount of the policy into the registry of the court and a decree of interpleader was entered, releasing plaintiff from further liability under the policy, directing the clerk to disburse an attorney fee and costs of $75 to plaintiff, and ordering the defendants to litigate herein their controversy as to the balance of the proceeds. The case was set for trial on October 7, 1947, at which time it was submitted on the depositions of the defendants and other parties.

2. Defendant Katie Hunter was the sister of the insured, and was the beneficiary named in the policy of insurance.

3. Defendant Elizabeth Brown is the widow of the insured. At the time of his demise they were living apart.

4. Prior to the death of the insured, Ben Brown, the defendant Katie Hunter had not seen her said brother for a number of years, and had no knowledge of the existence of the insurance policy nor of the fact that she was named as a beneficiary therein. At the time of being informed of the death of Ben Brown, defendant Katie Hunter was also informed that this policy of insurance was in existence and that she was the named beneficiary. She immediately proceeded to Detroit, Michigan, and arranged for, and voluntarily paid for, the funeral of the insured at a cost of some $800.

5. The defendant Katie Hunter did not at any time assume or agree to pay the debts of the deceased or of defendant Elizabeth Brown, and did not at any time agree to divide the proceeds of the policy of insurance as claimed by defendant Elizabeth Brown.

6. The defendant Elizabeth Brown did not have any agreement with the insurer, the insured or the defendant Katie Hunter under which said Elizabeth Brown is entitled to any of the proceeds of said insurance policy.

### Conclusions of Law.

1. This court acquired jurisdiction of this controversy, as an interpleader action instituted by an insurance company obligated upon a policy of insurance of more than $500 where two adverse claimants, citizens of different states, were claiming to be entitled to the proceeds thereof and were joined as parties defendant, one of such defendants residing in this District. 28 U.S. C.A. § 41(26).

2. Where, as here, it appears that the beneficiary named in an insurance policy did not at any time assume or agree to pay any debts of the insured or of his widow, who is the adverse claimant to the proceeds of the policy, and did not at any time agree to divide the proceeds of such policy, and it further appears that such

widow did not have any agreement with the insurer, the insured or the named beneficiary under which such widow was entitled to any proceeds of such policy, and no other adverse claim is made thereto the named beneficiary is entitled to the proceeds.

3. It therefore follows that judgment should be entered in favor of defendant Katie Hunter, and such judgment is being entered simultaneously herewith.

4. Because of the nature of the action and the circumstances of the parties, no costs will be allowed either defendant. Federal Rules of Civil Procedure, rule 54(d), 28 U.S.C.A. following section 723c.